IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-00389-MSK

**VALERIE BANKS, on behalf of other KF, a minor child,**

    Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

    Defendant.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR ATTORNEY FEES**
_____

**THIS MATTER** comes before the Court pursuant to Ms. Banks' Motion for Attorney Fees **(# 30)**, Ms. Colvin's response **(# 31)**, and Ms. Banks' reply **(# 32)**.

Ms. Banks brought this action seeking review of a determination of eligibility for benefits under the Social Security Act. Ms. Banks prevailed, and the Court vacated the Commissioner's determination and remanded the application to the Social Security Administration for further review. Both parties agree that, as a result, Ms. Banks is entitled to an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Ms. Banks requests that the Court award her fees reflecting 48.5 hours of work at an hourly rate of $ 191.25, for a total award of $ 9,275.63. In response, Ms. Colvin does not contest Ms. Bank's requested hourly rate, but does object to approximately 12 hours' worth of billing entries, which it contends were non-compensable clerical or administrative time, were redundant of other entries, or were otherwise unreasonable. Thus, Ms. Colvin suggests that an appropriate fee award would be no more than $ 6,916.88.

Although the Court has reviewed both parties' submissions in their entirety, it declines to address Ms. Colvin's objections and Ms. Banks' responses on an item-by-item basis. The crux of Ms. Banks' position is that even if these time entries reflect purely clerical or administrative tasks – and the Court finds that they do – such time should nevertheless be compensable because Ms. Banks' counsel is a solo practitioner and lacks a clerical or administrative staff, forcing her to perform those tasks herself. The established rule is that administrative and clerical time is non-compensable. *Missouri v. Jenkins*, 491 U.S. 277, 288 n. 10 (1989). Rather, these are typically items of "routine office overhead" that "must normally be absorbed within the attorney's hourly rate." *Kuzma v. Intern. Rev. Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987); *Kottwitz v. Colvin*, 114 F.Supp.3d 145, 151-52 (S.D.N.Y. 2015). Although the Court is mindful of the particular challenges faced by solo practitioners, the law does not provide for different standards for fee awards based on the size or composition of an attorney's practice; indeed, the Supreme Court has made clear that these rules also prohibit awards for "work which can often be accomplished by non-lawyers, but which a lawyer may do because he has no other help available."[1] *Jenkins*, 491 U.S. at 288 n. 10. Accordingly, the Court agrees with Ms. Colvin that the challenged hours should be excluded from Ms. Banks' request. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors").

---

[1] *Jenkins* posits the possibility that "[s]uch non-legal work may command a lesser rate" that that of a lawyer or even a paralegal, but does not elaborate. *Id.* Ms. Banks has not proposed a reduced rate to be applied to the clerical, administrative, and other challenged hours, and in the absence of a proposed rate to apply to these hours, the Court simply excludes all compensation for them.

Accordingly, the Court **GRANTS IN PART** Ms. Banks' motion **(# 30)**, awarding her the sum of $ 6,916.88 in attorney fees.[2]

Dated this 26th day of April, 2016.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

[2] The parties appear to have a minor disagreement over how this sum should be paid, and, more specifically, whether the payment should be made to Ms. Banks, her counsel, or both jointly. Ms. Banks' counsel requests that payment be made directly to counsel. Ms. Colvin's brief states that, if the predicates for a direct payment to counsel are present under existing agency procedures (a determination the agency had not made as of the date of its response), the Social Security Administration will do so. Because the record is not clear as to whether there is genuinely a dispute between the parties on this point, the Court declines to make any particular findings or enter any particular order.